IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| ROBERTO BAEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 6:06-CV-13 (WLS) |
| | * | 42 U.S.C. § 1983 |
| ALAN ARBUCKLE, | * | |
| | * | |
| Defendant. | * | |

### REPORT AND RECOMMENDATION

Before the court is Defendant, Alan Arbuckle's, Motion to Dismiss or in the Alternative to Transfer. Plaintiff was notified of his right to respond to Defendant's Motion and his Response was filed on August 14, 2006.

### LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless

of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

**FACTUAL BACKGROUND**

Plaintiff Baez filed his first suit regarding this same fact pattern in the Southern District of Georgia. On December 17, 2002, the case was transferred to the Middle District of Georgia. *See* 6:02-CV-87 (R-3). After many amendments to Plaintiff Baez's complaint and several Reports & Recommendations, the District Court dismissed all named Defendants but did not close the case. *See* 6:02-CV-87 (R-70). Plaintiff was allowed to amend his complaint to add correct defendants for a *Bivens*[1] claim. *Id*. Defendants Campos, Arbuckle, and the United States[2] were added and thereafter filed a Motion to Dismiss. Plaintiff's complaint was dismissed against Defendants Campos and Arbuckle for failure to state a claim upon which relief could be granted and the court determined that suit should not be brought under *Bivens*, but rather that 28 U.S.C.A. §233(a) required that the claim be filed under the Federal Torts Claim Act (FTCA).[3] All claims against the United States were

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] The United States was substituted for Defendant Arbuckle under 28 U.S.C.A. §2679(d)(1).

[3] Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2401(b), 2671-2680.

dismissed for failure to comply with the administrative requirements of the Federal Torts Claim Act. (R-17-4 and 17-5); *See also* 6:02-CV-87 (R-133). Under 28 U.S.C.A. §2679(d)(5), Plaintiff was given sixty (60) days from the date of the June 28, 2005, Order to file his administrative complaint. *See* 6:02-CV-87 (R-138 and 148). After exhausting said administrative requirement, Plaintiff re-filed his complaint, resulting in the case at bar. (R-2).

## DISCUSSION

The Defendant argues that Plaintiff's suit cannot proceed because it was filed in the improper venue, the *Bivens* claim was previously dismissed in a prior lawsuit and thus is barred by the doctrine of res judicata, and there is no cause of action against substituted Defendant United States for a constitutional tort claim. (R-17-2). As the claim can be fully resolved under the latter two arguments, venue will not be addressed.

### I. 42 U.S.C.A. § 233(a) Immunity and Res Judicata as to *Bivens* claim

Dr. Alan Arbuckle was sued in both his official and individual capacity. At the time this claim arose, Dr. Arbuckle was a Public Health Service Commissioned Corps officer who was serving as a medical consultant to the Director of the Diversion of Immigration Health Services (DIHS), Bureau of Primary Health Care (BPHC), Health Resources and Services Administration (HRSA), and the Department of Health and Human Services (DHHS). (R-2); *See* 6:02-CV-87 (R-105). Dr. Arbuckle was shown as the authorizing officer on the denial of request for authorization for surgical repair of Baez's inguinal hernia. (R-2). Plaintiff claims that the denial subjected him to "unnecessary and wanton infliction of pain and

suffering for approximately [seventeen] 17 months."[4]  *Id*.

Plaintiff's complaint arises from the medical treatment the Public Health Service provided to him pursuant to 42 U.S.C.A. § 249(a).  Under that statute, any person detained by the INS "may be treated and cared for by the Public Health Service."  *Id*.  The Homeland Security Act of 2002, signed into law by the President on November 25, 2002, transferred INS functions to the Department of Homeland Security (DHS).  6 U.S.C.A. § 101 et seq.  In his capacity as medical consultant to the Division of Immigration Health Services, Dr. Arbuckle's duties included providing patient care to detained aliens in INS/DHS custody.  (R-16); *See also* 6:02-CV-87 (R-102-105).

Dr. Arbuckle is immune from Plaintiff's *Bivens* suit under 42 U.S.C.A. § 233 (a) which provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

This code section provides that The Federal Tort Claims Act is the exclusive remedy for

---

[4] Plaintiff's request for authorization of surgery was denied by Dr. Arbuckle on October 25, 2002, however, the surgery was eventually performed on February 19, 2004.

4

claims against PHS officers who provide medical care or treatment and who were acting within the scope of their authority. It is clear from the facts of the case that as a medical consultant, treating (among others) INS/DHS detainees, Dr. Arbuckle's denial of medical authorization for Plaintiff's surgery was within his scope of authority. If the facts were not clear enough, the government has filed a Certification of Scope of Employment on Dr. Arbuckle's behalf. (R-16). This certification states that Dr. Arbuckle was acting within the scope of his office at the time the material facts took place. *Id*.

In *Carlson v. Green*, 446 U.S. 14 (1980), the Court held that a *Bivens* action was available to plaintiff even though her allegations could also support a suit against the United States under the FTCA. The Court in *Carlson* limited it's holding by stating that a *Bivens* action would be unavailable in two situations. *Id*. at 18. One of those limitations, "when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective," is directly applicable to the case at bar. *Id*. at 18-19 quoting *Bivens* (emphasis in the original) . Congress declared such in 42 U.S.C.A. §233(a) and the Court in *Carlson* agreed, using said code section as an example of Congress explicitly stating that it means to make the FTCA an exclusive remedy. *Id*. at 20. Therefore, Plaintiff cannot maintain a *Bivens* actions against Dr. Alan Arbuckle, because, by operation of 42 U.S.C.A. § 233(a), that suit must be brought under the FTCA.

Moreover, the *Bivens* claim in this case against Dr. Arbuckle was decided adversely to Plaintiff on April 27, 2005, in his prior case involving the same factual circumstances. *See*

6:02-CV-87 (R-133 and 147). The doctrine of res judicata bars subsequent lawsuits if four requirements are met: (a) there must be a final judgment on the merits; (b) the decision must be rendered by a court of competent jurisdiction; (c) the parties, or those in privy with them, must be identical in both suits; and (d) the prior and present causes of action are the same. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000).

Plaintiff Baez and Dr. Arbuckle are the exact same parties from Case No. 6:02-CV-87, and the *Bivens* "cause of action" is identical to one raised in the prior case. A final judgment as to Dr. Arbuckle and the *Bivens* claim was issued on the merits, and Dr. Arbuckle was found to be immune from suit under 42 U.S.C. §233(a). *See* 6:02-CV-87 (R-133, 147, and 148). In addition, the District Court went on to find that the FTCA was the exclusive remedy for Plaintiff's claim. *See* 6:02-CV-87 (R-127, 133, 138, 147 and 148). Said orders and judgment are now final and non-appealable. Therefore, the *Bivens* claim against Dr. Arbuckle should be dismissed under the doctrine of res judicata.

**II. Substitution of Party**

Pursuant to 28 U.S.C.A. §2679(d)(1), the United States Attorney for the Middle District of Georgia (as a designee for the Attorney General) filed a Notice of Party Substitution and executed a certificate in which he certifies that Dr. Alan Arbuckle was acting within the scope of his office at the time the material facts took place. (R-16); *See also* 6:02-CV-87 (R-102 and 103). Upon substitution Plaintiff's claims against Dr. Arbuckle are deemed claims against the United States. 28 U.S.C.A. §2679(d)(1). Therefore, there are

no longer any remaining claims against Dr. Arbuckle and the United States should be the only defendant facing outstanding claims at this juncture.

### III. No Federal Tort Claim

Defendant, United States[5], argues that Plaintiff Baez has failed to state a tort claim under the FTCA. (R-17-2). In his complaint, Plaintiff lists five causes of action. (R-2). Plaintiff's fourth cause of action states that "[t]he conduct of the defendant as narrated herein violated the <u>Article 3, of the United Nation Convention against torture, cruel</u> and inhumane treatment." (R-2) (emphasis in the original). The other four causes of action involve either deliberate indifference to a serious medical need and/or unnecessary and wanton infliction of pain, in violation of the Eighth Amendment to the United States Constitution. *Id*.

### Sovereign Immunity of the United States

The doctrine of sovereign immunity bars suit against the United States without its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972); *Soiano v. United States*, 352 U.S. 270 (1957). The FTCA, 28 U.S.C.A. §§2671-2680 (1976), and its jurisdictional counterpart, 28 U.S.C.A. § 1346(b), define the conditions under which the United States consents to suits for the torts of its employees acting within the scope and course of employment.

Because the cause of action arose from Plaintiff's medical treatment by PHS and

---

[5] The United States was properly substituted for the individual federal defendant, Dr. Alan Arbuckle, pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988, codified at 28 U.S.C.A. §2679. (R-16).

because 28 U.S.C.A. §2679(d)(1) and 42 U.S.C.A. § 233(a) designate that such a claim must be brought against the United States under the FTCA, plaintiff may only proceed on this claim against the United States and by complying with the requirements of the FTCA.

The Eleventh Circuit has held that Federal constitutional torts are not within the scope of the FTCA. *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986). The FTCA "waives the sovereign immunity of the United States for the tortious acts of its employees only 'if such torts committed in the employ of a private person would have given rise to liability under state law. . .' By definition, constitutional torts are not based on state law." *Id.*; citing *Birnbaum v. United States*, 588 F.2d 319, 322 (2nd Cir. 1978). Furthermore, any claim based upon a resolution from a United Nations convention, as Plaintiff's claim four appears to be, would not give rise to liability under state law and therefore, would also fall outside the scope of the FTCA.

The FTCA waives the sovereign immunity of the United States only in certain circumstances, this case is not one of them. As a waiver of sovereign immunity, the Federal Torts Claim Act is strictly construed, and all ambiguities are to be resolved in favor of the sovereign. See *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

Therefore, the District Court has no subject matter jurisdiction over Plaintiff Baez's claims against the United States, and said claims should be dismissed.

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED for failure to state a cause of action upon which relief can be granted. Pursuant

to 28 U.S.C.A. § 636(b)(1), plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

    SO RECOMMENDED this 19th day of September, 2006.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE