IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

ROBERTO BAEZ,          :
                       :
    Plaintiff          :
                       :
v.                     :          6:06-cv-13 (WLS)
                       :
DR. ALAN ARBUCKLE, et. al.   :
                       :
    Defendants         :
                       :

**ORDER**

    Before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth filed on September 19, 2006. (Doc. 26).  It is recommended that Defendant's Motion to Dismiss (Doc. 17) be granted.  Plaintiff filed his timely objection to this recommendation on October 2, 2006. (Doc. 27).  Thereafter, on October 27, 2006 the Government filed a reply to Plaintiff's Objection (Doc. 29), to which Plaintiff filed a sur-reply memorandum on November 8, 2006.[1] (Doc. 30).

    In the Recommendation, it was found that Plaintiff's <u>Bivens</u> claim arises from medical treatment provided to him by the Public Health Service pursuant to 42 U.S.C. § 249(a).  (Doc. 26).  It was found that Defendant was acting within the scope of his authority as a Public Health Service officer in authorizing the denial of a request for surgical repair of Plaintiff's inguinal hernia.  *Id*.  It was further found that Defendant is immune from Plaintiff's <u>Bivens</u> suit under 42 U.S.C. § 233, which provides that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2672, provides the exclusive remedy for claims against Public Health Service officers, like Defendant, who provide medical care or treatment and who were acting within the scope of their authority.  *Id*.  It was further found that a <u>Bivens</u> action, such as Plaintiff's, is unavailable because Defendant has shown that Congress has explicitly provided an alternate remedy in Section 233(a) for <u>Bivens</u> recovery.  *Id*.  Additionally, it was found that the <u>Bivens</u> claims in this case were decided adversely to Plaintiff in his prior case involving the same factual circumstances.  *Id*.,

---

[1]     A sur-reply is not ordinarily authorized.  *See* M.D.Ga. R. 7.3.1.  The Court notes that Plaintiff did not first seek approval from the Court for such a filing.

citing Baez v. INS, 6:02-CV-87 (HL).  It is therefore recommended that Plaintiff's Complaint be dismissed.

It was also noted that the United States Attorney for the Middle District of Georgia filed a Notice of Party Substitution and executed a certificate in which he certified that Defendant was acting within the scope of his office at the time the material facts took place.[2]  (Doc. 26; *see also* Doc. 16).  It was subsequently found that upon substitution, Plaintiff's claims against Defendant are deemed claims against the Government.  *Id*.  Upon further consideration, it was found that Plaintiff's cause of action arose from Plaintiff's medical treatment by the Public Health Service and that 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(a) require that such a claim may only be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2672.  (Doc. 26).  It was subsequently found that: 1) Plaintiff improperly alleges a "constitutional tort" against the Government; 2) Plaintiff failed to state a cognizable tort claim under the FTCA; and 2) the FTCA does not waive the sovereign immunity of the Government in circumstances such as those alleged by Plaintiff.  *Id*.  It is therefore recommended that Plaintiff's claims should be dismissed on these alternate grounds.  *Id*.

In the first fourteen pages of his objection, Plaintiff purports to summarize the proceedings of this case thereby offering no substantive objection to the Report and Recommendation presently under consideration.  (Doc. 27).   In the final two pages, Plaintiff does not offer any substantial objections to the Recommendation showing error on the part of the Magistrate Judge, but rather reasserts arguments which were considered by the Magistrate Judge in issuing the Recommendation at issue.  *Id*.

Upon *de novo* review and consideration upon the record, the Court finds that said Recommendation (Doc. 26) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein.  Accordingly, Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**; Plaintiff's Motion to Amend/Correct Complaint (Doc. 22) is

---

[2]  It is further noted by the Court that the execution of the Notice of Substitution of Party by the Government renders moot Plaintiff's Motion to Substitute Party. (Doc. 11). Plaintiff's Motion to Substitute Party (Doc. 11) is therefore **DENIED AS MOOT**.

**DENIED; and** Plaintiff's Motion to Substitute Party (Doc. 11) is **DENIED AS MOOT**.[3]

**SO ORDERED**, this  16th  day of November, 2006.

                                                              /s/W. Louis Sands  
                                                  **THE HONORABLE W. LOUIS SANDS,**  
                                                  **UNITED STATES DISTRICT COURT**

---

[3] In its reply to Plaintiff's objection, the Government notes that it does not abandon its argument for dismissal on grounds that Plaintiff filed his suit in an improper venue. (Doc. 29). The Government's reservation is noted, however, in light of the Recommendation and the Court's acceptance of the same, such arguments need not be reached. Transfer would be futile and of no avail to Plaintiff. *See* 28 U.S.C. § 1404(a); Harley-Davidson Motor Co. v Strada, 78 FRD 521. (E.D. Wis. 1978) (whether to transfer action under Section 1404(a) is in sole discretion of the district court judge and is to be exercised in light of the circumstances of the case); Kline v. Consolidated Rail Corp., 461 F.Supp. 326 (E.D. Pa. 1978) (relevant factors include whether action would proceed more expeditiously and ends of justice would be better served if transfer were effected). Accordingly, they are not addressed herein. Upon further review, it is found that Plaintiff's sur-reply brief to the Government's reply seeks to address issues already briefed in his Recommendation and not issues raised independently in the Government's brief. (*See* Doc. 30). Furthermore, it is noted that Plaintiff's sur-reply brief is unauthorized. (*See infra* n. 1). Accordingly, they are not considered in connection with the Government's reply.